COOPERATIVE PUBLISHING COMPANY, A CORPORATION, AND CHARLES GOSSETT, CARL F. CHASE, CECIL R. PECKAM, HARRY L. BRANDT AND E. N. HANSON, AS LIQUIDATING TRUSTEES OF SAID CORPORATION, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94725. Promulgated August 18, 1939.

*George H. van de Steeg, Esq.*, for the petitioners.
*H. R. Horrow, Esq.*, for the respondent.

---

OPINION.

VAN FOSSAN: The petitioner contends that the tax on the undistributed profits in 1936 was not properly assessable because it had a deficit at the end of that year and because it was "actually insolvent and virtually in receivership" by reason of the bondholders' suit then pending against it. Neither reason is persuasive. It was said in *Crane Johnson Co.*, 38 B. T. A. 1355, that Congress has the power to tax the current income of all corporations, whether they have deficits or not. *Foley Securities Corporation*, 38 B. T. A. 1036. The petitioner has advanced no argument that alters that view.

Section 14 (d) (2) of the Revenue Act of 1936 exempts from the imposition of the surtax on undistributed profits (section 14 (b)[1]) "Domestic corporations which for any portion of the taxable year are in bankruptcy under the laws of the United States, or are insolvent and in receivership in any court of the United States or of any State, Territory, or the District of Columbia." The petitioner argues that it was insolvent in 1936, that its condition culminated in its compulsory dissolution in 1937, and that the situation in which it had been forced was equivalent to a receivership. The Idaho statutes, which constitute the directors of a corporation in dissolution trustees for the creditors and stockholders to settle the affairs of the corporation, are cited to support the argument.

A receivership is a distinct legal status, arising from appropriate proceedings in a court of jurisdiction. Here no such action had been taken. Petitioner was in dissolution but not "in receivership." The statute is in the conjunctive. To come within its scope a corporation must be "insolvent and in receivership." The exemption granted can not be enlarged to include situations not contemplated by Congress.

The petitioner further contends that it could declare no dividends for either 1936 or 1937 because it was prevented from so doing by the statutes of Idaho, which prohibit the payment of dividends except out of surplus. We considered this contention in *Crane Johnson Co.*, *supra*, and held that in a similar situation, under North Dakota statutes, the petitioner was not entitled to a deduction under section 26

---

[1] (b) IMPOSITION OF TAX.—There shall be levied, collected, and paid for each taxable year upon the net income of every corporation a surtax equal to the sum of the following, subject to the application of the specific credit as provided in subsection (c) :

7 per centum of the portion of the undistributed net income which is not in excess of 10 per centum of the adjusted net income.

\* \* \* \* \* \*

(c) (1) of the Revenue Act of 1936.[2] Our decision there controls the disposition of that issue in the case at bar.

The basic question relating to the year 1937 is whether or not a taxable gain was realized by the petitioner upon the forced sale of its assets on August 7 of that year. The respondent determined that the petitioner had realized such a gain, amounting to $22,265.84, by subtracting from the purchase price the adjusted cost basis of the tangible assets. In his computation, he ignored such intangible assets as good will, the cost of securing subscriptions, and of increasing circulation, the value of publishing legal notices, etc. He also failed to allow the expense of the sale, amounting to $1,320.90, which he now concedes to be a correct deduction. The net gain in question, therefore, is reduced to $20,944.94.

The petitioner contends that the cost of the good will and other intangibles was greater than the difference between the adjusted cost basis of the tangible assets and their sale price. The petitioner's books do not support this theory. They contain no account showing any cost of securing subscriptions or increasing circulation or of any other intangible item generally classified as "good will." The petitioner argues, however, that the stockholders' and bondholders' investments, loans and accounts payable, less depreciation taken, amount to over $38,000 and that, since no dividends were ever paid to the stockholders, its invested capital was used and absorbed to produce and preserve its assets and, consequently, such capital represents the cost of the intangibles, after the adjusted cost of the tangible assets is deducted.

The fallacy of this argument is manifest from the fact that it gives no consideration to losses incurred in almost 20 years of operation, to mismanagement, and to many other such factors which might retard instead of develop good will. Cost must be proved with reasonable accuracy. In the absence, therefore, of any positive and satisfactory proof of the cost of the intangibles, we must sustain the respondent's action.

The petitioner further maintains that, at the most, only the $6,990 which it received after the preferred creditors and the costs of suit were paid, should be taxed as its income. The suit was brought to subject the petitioner's property to the payment of its own debts,

[2] (c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

secured by liens. Other debts remained to be settled after the $6,990 was paid over. The application of the sale price of the petitioner's assets bears no relation to the capital gain derived from their sale. We see no merit in this argument.

We sustain the action of the respondent, as modified by the record.

*Decision will be entered under Rule 50.*